IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 5:19-cr-00030-5 |
| v. ) | |
| ) | |
| SHERRY SLOANE, ) | By: Elizabeth K. Dillon |
| Movant. ) | United States District Judge |

**MEMORANDUM OPINION**

Sherry Sloane, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Having reviewed the record, the court concludes that Sloane's motion is barred by the statute of limitations. Accordingly, the court will dismiss the motion as untimely filed.

I. BACKGROUND

In 2020, Sloane pled guilty to two counts of an information charging her with conspiracy to distribute and possess with the intent to distribute cocaine base. (Dkt. Nos. 232–35.) On October 20, 2020, this court sentenced Sloane to a total term of custody of 160 months, consisting of 151 months as to both counts, concurrent, and a consecutive 9 months for an enhancement under 18 U.S.C. § 3147. (Dkt. No. 335.) Judgment was entered on October 30, 2020. (Dkt. No. 342.) Sloane did not appeal.

On June 30, 2023, the Clerk received and docketed Sloane's § 2255 motion. (Dkt. No. 413.) It was signed and placed in the prison mailing system on June 27, 2023, and therefore is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d) of Rules Governing 28 U.S.C. § 2255 Proceedings.

The court entered a conditional filing order on July 6, 2023. (Dkt. No. 414.) In that order, the court noted that Sloane appeared to be "raising a ground for relief that is nearly

identical to her grounds for relief raised in her pending motion for a sentence reduction. (Dkt. No. 396.)" (*Id.* at 1.)  The court advised Sloane that if she intended her § 2255 filing to be a supplemental filing in support of her motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), instead of a § 2255 motion, she should advise the court within thirty days.  The court noted that Sloane could elected to dismiss the § 2255 motion.  The court further advised Sloane that the § 2255 petition appeared to be untimely.  *See* 28 U.S.C. § 2255(f).  The court directed Sloane to submit additional argument concerning the timeliness of her petition within thirty days.  (*Id.* at 2.)

Sloane filed a timely response.  (Dkt. No. 415.)  As the court explained in a subsequent order, Sloane's response indicated that she intended her § 2255 petition to be a supplemental filing in support of her motion for "downward departure." (Dkt. No. 417 at 1.)  However, Sloane did not move to dismiss her § 2255 motion.  Accordingly, the court directed the Clerk to docket her § 2255 motion and recent response in a new docket entry, describing them as supplemental memoranda in support of her motion for a sentence reduction.  The court also directed Sloane to advise the court whether she wishes to pursue separately her § 2255 motion, and if so, provide additional argument or evidence concerning the timeliness of the § 2255 motion. (*Id.* at 2.)  Sloane's response indicates that she wants to pursue her § 2255 motion separate from her sentence-reduction motion. (Dkt. No. 418.)

In her § 2255 motion, Sloane indicates that her motion should be considered timely pursuant to § 2255(f)(3).  In her response to the court's request for further argument, Sloane states that she is asking the court under § 2255 to give retroactive effect to Amendment 404(b) of the First Step Act. (Dkt. No. 418.)  She argues that if the amendment had been in effect at the

2

time of her sentencing, she would not have been sentenced as harshly for the crack cocaine versus powder disparity.  (*Id.* at 1–2.)

## II.  DISCUSSION

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some improper governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).  For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires.  *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires).  As noted, judgment was entered against Sloane on October 30, 2020.  Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Sloane had until November 13, 2020, to file her notice of appeal.  Because she did not appeal, Sloane's conviction and sentence became final on November 13, 2020, and she had until November 13, 2021, to file a timely § 2255 motion pursuant to § 2255(f)(1).  Sloane did not file her § 2255 motion until June 2023, well past the deadline as calculated under § 2255(f)(1).

Sloane contends, though, that her motion should be deemed timely under § 2255(f)(3), which allows filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

3

and made retroactively applicable to cases on collateral review." This argument is unavailing because Sloane has not identified a right newly recognized by the Supreme Court, much less one that was made retroactively applicable to cases on collateral review.[1] Sloane's motion is therefore untimely.

### III.  CONCLUSION

For the above reasons, the court concludes that Sloane has not demonstrated that § 2255(f)(3) is applicable to her. The court will dismiss Sloane's § 2255 motion as untimely filed.

An appropriate order will be entered.

Entered: October 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] The court also notes that the only substantive argument presented by Sloane in her § 2255 motion, based on the retroactive effect of Amendment 404(b), is simply not cognizable in a collateral attack. *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) (noting the distinction between § 2255 actions, which attack the original sentence, and § 3582(c)(2) actions, which do not attack the original sentence but seek to modify it).